865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvia KEBERLE, Marla J. Parker, Adam P. Tonti, John
Wargetz, James W. Owen, Arie Chapman, Harry J. Jacob, III,
Mary Ann Mills, Tom Olivo, Jr., Rochelle L. Cappelletti,
James L. Hlad, Mark J. Miller, Diane M. Burke, Linda Baylog,
Plaintiffs-Appellants,
v.
Warren W. TYLER, Individually, Morris L. Gilbert,
Individually, Carol A. Weiss, Individually,
Richard F. Celeste, Individually,
Defendants-Appellees.
 No. 88-3064.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Fourteen classified civil service employees of the Cleveland office of the Ohio Department of Commerce appeal the district court's grant of summary judgment dismissing their 42 U.S.C. Sec. 1983 civil rights suit against three officials of the Department of Commerce and the Governor of Ohio. We affirm.
 
 
 2
 In March 1983, the Director of the Department of Commerce notified the plaintiff employees that they would be laid off because their jobs were being abolished in a reorganization. Each plaintiff appealed the abolishment of his job to the State Personnel Board of Review. Following a hearing, the administrative law judge of the State Personnel Board concluded that the job abolishments were in bad faith and recommended that the plaintiffs' lay-offs be disaffirmed. The State Personnel Board adopted the administrative law judge's recommendation in December 1983, and, in February 1984, the Director of the Department of Commerce notified the plaintiffs that they could return to work and obtain back pay. Nine of the plaintiffs returned to work, and five others resigned. Subsequently, the Department of Commerce again attempted to abolish jobs in the Cleveland office, and all nine plaintiffs who had returned to work were laid off a second time. These plaintiffs appealed their job abolishments to the State Personnel Board, which upheld the abolishments in April 1985. Plaintiffs then appealed to the state court of common pleas which, in several different decisions rendered in 1986 and 1987, reversed the State Personnel Board and ordered the plaintiffs reinstated.
 
 
 3
 The plaintiff employees originally commenced their Sec. 1983 action in January 1984, a date after which the State Personnel Board had ordered the reinstatement of the plaintiffs, with back pay, for the first round of lay-offs. Plaintiffs alleged that they had been deprived of their right to continued employment without due process, and, in April 1986, the plaintiffs amended their complaint to allege that the second round of job abolishments also violated due process and that the job abolishments were politically motivated. In September 1986, the district court dismissed the plaintiffs' due process claims. The district court, however, construed the amended complaint as arguably raising a First Amendment claim. The court invited the parties to submit arguments on the First Amendment issue, and invited the defendants to address the possible res judicata effect of the prior state proceedings. In December 1987, the district court granted the defendants' motion for summary judgment on the grounds that the Sec. 1983 action was precluded by the plaintiffs' successful prosecution of their administrative and state law remedies.
 
 
 4
 On appeal, the plaintiffs argue that their Sec. 1983 claim should not be precluded by their earlier administrative and state court actions. We disagree with the plaintiffs' contention, as this Circuit has previously determined that subsequent Sec. 1983 claims are precluded by prior state court litigation of the same cause of action. Specifically, in Campbell v. City of Allen Park, 829 F.2d 576 (6th Cir.1987), we held that the subsequent Sec. 1983 action of Debra and Dale Campbell was precluded by an earlier state court judgment in the Campbell's favor. (See also Gutierrez v. Lynch, 826 F.2d 1534 (6th Cir.1987) and University of Tennessee v. Elliott, 478 U.S. 788 (1986), in which the Supreme Court held that federal courts in Sec. 1983 actions must give preclusive effect to the findings of state administrative agencies acting in a judicial capacity if those findings would be entitled to preclusive effect in the courts of that state.)
 
 
 5
 Accordingly, we hold that the plaintiffs' Sec. 1983 claim in this case is precluded by the previous state court judgments which ordered the reinstatement of the plaintiffs. The judgment of the district court is therefore affirmed.